UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY A. DAY, SR., | ) | CASE NO. 1:22-cv-1706 |
| | ) | |
| | ) | JUDGE SARA LIOI |
| PLAINTIFF, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the report and recommendation ("R&R") of Magistrate Judge James E. Grimes, Jr., recommending that this Court affirm the decision by defendant Commissioner of Social Security (the "Commissioner") denying plaintiff Gregory A. Day, Sr.'s ("Day") application for Disability Insurance Benefits ("DIB"). (Doc. No. 15.) Day filed an objection to the R&R (Doc. No. 18), and the Commissioner filed a response (Doc. No. 19). Upon *de novo* review and for the reasons set forth below, the Court overrules the objection, accepts the R&R, and dismisses the case.

I. **BACKGROUND**[1]

Day filed the instant action seeking judicial review of the final decision the Commissioner denying his application for DIB. (Doc. No. 1.) He filed his application for DIB on July 20, 2020, alleging a disability onset date of June 6, 2020. (Doc. No. 8 (Administrative Transcript), at 161.[2])

---

[1] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background deemed pertinent to Day's objection to the R&R.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

He alleged disability due to back injury, chronic obstructive pulmonary disease ("COPD"), depression, arthritis, and carpal tunnel syndrome. (*Id.* at 173.)

Day's application was denied at the initial level (*id.* at 51–60) and upon reconsideration (*id.* at 58–69). He then requested a hearing before an Administrative Law Judge ("ALJ"). (*See id.* at 91.) The ALJ held a hearing on May 21, 2021. (*Id.* at 31.) On July 7, 2021, the ALJ issued a decision finding that Day was not disabled and that he had the residual functional capacity to perform sedentary work with certain limitations. (*Id.* at 15–24).

On July 26, 2022, the Appeals Council denied Day's request for review, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 4–6.) Day then filed the instant case seeking review of the Commissioner's decision.

On May 12, 1023, the assigned magistrate judge issued an R&R, recommending that this Court affirm the final decision of the Commissioner. (Doc. No. 15.) Day filed a timely objection to the R&R (Doc. No. 18), and the Commissioner filed a reply (Doc. No. 19). This matter is now ripe for the Court's review.

## II. STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings,

2

recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

## III. DISCUSSION

Day raises one objection to the R&R: the magistrate judge erred in his assertion that the ALJ's decision was supported by substantial evidence.[3] (Doc. No. 18, at 1.) Having reviewed the R&R and the ALJ's decision, this Court finds that the magistrate judge was correct to recommend affirming the ALJ's decision because the ALJ's decision was supported by substantial evidence.

Day contends that the ALJ's characterization of his lumbar condition as "generally stable" is inaccurate, and, even if his condition was "generally stable," his stable extreme pain still renders him disabled. (*Id.* at 1–3.) Day also contends that the ALJ's finding that Day "required only conservative treatment with medications and one injection" is incorrect and contrary to the evidence. (*Id.* at 3.) The ALJ relied on Day's "generally stable" condition that required "only conservative treatment" to support his finding that Day was not disabled because he "could perform the reduced range of sedentary work described in the residual functional capacity." (Doc. No. 8, at 25.)

The ALJ noted that Day "had a history of several conditions predating the alleged onset date in June 2020, including hypertension, lumbar disc degeneration and herniation, and depression (1F; 2F; 3F)." (*Id.* at 23.) The ALJ recounted Day's medical history related to his back pain from April 2020 through early 2021, noting that Day's "exam findings and treatment

---

[3] Although Day's objection header suggests that the ALJ applied some incorrect legal standard (*see* Doc. No. 18, at 1), Day does not identify any specific legal standard that he believes was incorrect. *See* LR 72.3(b) ([W]ritten objections . . . shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."). Rather, the substance of Day's objection focuses solely on his disagreement that the ALJ's decision was supported by substantial evidence. (*See generally* Doc. No. 18.) Even further, Day did not raise the issue of some incorrect legal standard in his opening brief on the merits. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (upholding determination that plaintiff's failure to argue a claim in its merits brief before the district court waived that claim); *see also Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived."). For these reasons, any objection to the ALJ's applied legal standards is not properly before this Court and is overruled.

remained stable through early 2021 with mild spasms and pain going down both legs." (*Id.* at 23–24.)

Day contends that his medical records illustrate only that his back pain worsened after his onset date. (*See* Doc. No. 18, at 2.) To be sure, his medical records do contain evidence that he reported his pain was "worse" during some medical visits. (*See* Doc. No. 8, at 438 (noting at a February 22, 2021 medical visit that Day complained his pain was "getting worse").) But the Court's inquiry is not whether some evidence supports Day's position; the Court's inquiry is whether there is substantial evidence to support the ALJ's decision. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) ("Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007))). As the ALJ discussed, between June 2020 and early 2021, each of Day's medical exams revealed relatively the same condition: a flat affect, pain across the lumbar muscle, flattening, flexion of 40–50 degrees, extension of 10–20 degrees, decreased reflexes in the lower extremities, and guarding with straight leg raising bilaterally at 40 degrees hip flexion. (*See* Doc. No. 8, at 23–24; *see also id.* at 439–45.) Day does not dispute the accuracy of these medical examinations. Together, these largely identical medical exams provide substantial evidence that supports the ALJ's conclusion that Day's condition was "generally stable" during the relevant period.

Day contends that even if his condition was "generally stable" during the relevant period, he was still in extreme pain that rendered him unable to work. (Doc. No. 18, at 2.) The ALJ acknowledged that Day experienced back pain that prevented him from sitting or standing for more than a few hours at a time or lifting more than ten pounds (Doc. No. 8, at 22–23, 25), but the ALJ

also found that the record established that Day "did not require use of a walker, bilateral canes, bilateral crutches, or a wheeled or seated mobility device. Moreover, [Day] demonstrated normal upper extremity functioning." (*Id.* at 21.) Further, while the ALJ acknowledged that Day testified that he had trouble performing daily activities and showering by himself, Day was able to go grocery shopping and perform various household chores, including doing laundry and cleaning. (*Id.* at 22.)

Additionally, in concluding that Day was able to work in his "generally stable" condition, the ALJ relied on her finding that Day "required only conservative treatment with medications and one injection." (Doc. No. 8, at 25.) Day objects to the ALJ's characterization of his treatment as "conservative." (Doc. No. 18, at 3.) Specifically, Day objects to the ALJ's finding that he received only one injection because his medical records evince that he received two injections. (*Id.*) Further, Day claims that it is relevant that additional injections were recommended but, through no fault of his own, were not approved. (*Id.*)

While Day's recitation of the record is correct, it is not dispositive. This Court agrees with the magistrate judge that, regardless of whether Day received one or two injections and regardless of whether additional injections were recommended but not received, there is substantial evidence to support the ALJ's finding that Day required only conservative treatment—as Day's medical records indicate he had requested. Specifically, the ALJ relied on evidence that Day, using generally medication only, did not need more than a cane to ambulate, demonstrated normal upper extremity functioning, and was able to go grocery shopping and perform various household chores. Taken together, this evidence substantially supports the ALJ's ultimate conclusion that Day's symptoms were not "so severe as to prohibit him from performing all basic work activities" and

6

that Day could perform a "reduced range of sedentary work with the use of a cane to ambulate." (*See* Doc. No. 8, at 25.) For all the aforementioned reasons, Day's sole objection to the R&R is overruled.

## IV. CONCLUSION

For the reasons discussed above, Day's objection to the R&R is OVERRULED. (Doc. No. 18.) The R&R is ACCEPTED. (Doc. No. 15.) Because the Commissioner's decision to deny DIB is supported by substantial evidence, that decision is AFFIRMED, and this case is DISMISSED.

**IT IS SO ORDERED**.

Dated: June 30, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**